## Hoffmayer v. Paster

*H. A. Reid*, for plaintiff.

*D. M. Hass*, for defendants.

FLOOD, J., April 6, 1955.—This is a petition to strike off a mechanic's lien because of failure to file an affidavit of service of notice of the filing of the claim within 30 days. Notice, which under the statute might have been given by any competent person, was in this case served by the sheriff. The sheriff made a return showing such service.

No case has been cited to us which clearly rules this matter. Petitioner's position is that since the Mechanic's Lien Act requires an affidavit of notice of filing of the claim, (Act of June 4, 1901, P. L. 431, sec. 21, as amended, 49 PS §131) a sheriff's return of service of such notice, not under oath, is not sufficient. While it is true that the cases require strict compliance with the provisions of the Mechanic's Lien Act, we think that what happened here gives defendant all that the act intended to secure to him. Substantial compliance, which in many cases has been held insufficient, is something that gives defendant not all that he is entitled to but only almost all that he is entitled to, e.g., filing a few days too late. Service was made upon him by the officer of the county duly required to make service of papers which other persons have no right to serve. While the sheriff's return is not sworn to yet it is made by an officer who is sworn to properly do his duty and make proper service as required. Moreover, he is liable in damages if he files a false return: Morris et al. v. Bender et al., 317 Pa. 533 (1935). And see Grable v. Dombroski, 34 West 307 (1952), where a sheriff's return is spoken of as an affidavit of service. In our opinion a sheriff's return of notice of filing of claim is sufficient compliance with the act. Under such circumstances the lien should not be stricken off.

It may be argued that since the sheriff is not required to serve this notice he has no duty to do so and therefore such service is covered neither by his oath of office or his liability for false return. But even if this be so, under section 51 of the act, 49 PS §243, the deputy sheriff at this time should be allowed to amend his return of service by taking affidavit thereto. If amendments are to be allowed at all, we can think of no situation more worthy of moving the court to grant the amendment than this one.

514

Rule discharged without prejudice to renewing the rule if a return of service under oath is not filed within 10 days.